Filed 5/25/21  P. v. Kishor CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092425 |
| Plaintiff and Respondent, | (Super. Ct. No. 98F01523) |
| v. | |
| CHANDRA KISHOR, | |
| Defendant and Appellant. | |

Defendant Chandra Kishor appeals the trial court's denial of his petition for resentencing under Penal Code section 1170.95.[1]  Defendant asserts the trial court erred when it found him ineligible for resentencing because he was convicted of attempted murder and the court should have allowed his petition to proceed to an evidentiary hearing as required by statute.  We will affirm the trial court's order.

---

[1] Undesignated statutory references are to the Penal Code.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

In 1999, defendant pleaded no contest to robbery (§ 211) and attempted murder (§§ 664, 187, subd. (a)). (*People v. Kishor* (Jan. 9, 2001, C034740) [nonpub. opn.].) The trial court sentenced defendant to an aggregate prison term of 11 years to life. (*Ibid.*) We affirmed the judgment in 2001, and the case became final in 2001. (*Ibid.*)

In 2019, defendant filed a petition for resentencing under section 1170.95. Defendant did not check any of the boxes in the petition declaring he stated a prima facie case under section 1170.95, but did request appointment of counsel. Defendant also checked a box on the form stating, "There has been a prior determination by a court or jury that I was not a major participant and/or did not act with reckless indifference to human life under [] § 190.2(d). Therefore, I am entitled to be re-sentenced pursuant to § 1170.95(d)(2)." The trial court appointed counsel and received briefing from the parties.

The court issued an order noting defendant "was not convicted of murder," and requested supplemental briefing from the parties about whether the petition should be denied because defendant "seeks relief from his attempted murder conviction, and not an actual murder conviction." Both parties submitted briefing in response to the order. The court then issued a written order denying the petition, finding defendant had "not shown that he falls within the provisions of [] § 1170.95."

**DISCUSSION**

I

*Section 1170.95 and Attempted Murder*

Defendant argues he was eligible for relief under section 1170.95, despite his attempted murder conviction, because the intent of Senate Bill No. 1437 (2017-2018 Reg. Sess.) is to equitably sentence individuals in accordance with their level of culpability. Thus, his argument goes, the trial court should have issued an order to show cause and held an evidentiary hearing on defendant's entitlement to relief because attempted murder

is a lesser included offense of murder and it would be absurd for the legislation to apply to murder but not to attempted murder.  We disagree.

" 'If the language [of a statute] is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend.'  [Citation.]" (*People v. Flores* (2020) 44 Cal.App.5th 985, 992 (*Flores*).)

Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  Senate Bill No. 1437 achieved these goals by amending sections 188 and 189, statutes pertaining to the crime of murder.  The legislation also added section 1170.95, which provides a mechanism for defendants "convicted of felony murder or murder under a natural and probable consequences theory" (§ 1170.95, subd. (a)) to file a petition in the sentencing court to have a murder conviction vacated and to be resentenced.

"[S]ection 1170.95 authorizes only a person who was 'convicted of felony *murder* or *murder* under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's *murder* conviction vacated . . . .' (*Id*., subd. (a), italics added.)  If the petitioner makes a prima facie showing that he or she is entitled to relief, the sentencing court must 'hold a hearing to determine whether to vacate the *murder* conviction and to recall the sentence and resentence the petitioner on any remaining counts . . . .' (*Id*., subd. (d)(1), italics added.)  In lieu of a resentencing hearing, the parties may stipulate that 'the petitioner is eligible to have his or her *murder* conviction vacated' and to be resentenced.  (*Id*., subd. (d)(2), italics added.)" (*Flores, supra*, 44 Cal.App.5th at p. 993.)

Numerous courts have reviewed the language of section 1170.95, subdivision (a) and found it inapplicable to challenges by defendants with final judgments for convictions of attempted murder.  (*People v. Lopez* (2019) 38 Cal.App.5th 1087, 1104-1105 [§ 1170.95 authorizes petitions by those convicted of murder directed at that individual's murder conviction], review granted Nov. 13, 2019, S258175 (*Lopez*); *People v. Munoz* (2019) 39 Cal.App.5th 738, 754-756 [the plain language of § 1170.95 does not encompass attempted murder], review granted Nov. 26, 2019, S258234 (*Munoz*); *People v. Larios* (2019) 42 Cal.App.5th 956, 961, 969-970 [same], review granted Feb. 26, 2020, S259983; *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1008, 1018 [same], review granted Mar. 11, 2020, S259948.)  Defendant cites no persuasive authority for the proposition that we must read "attempted murder" into section 1170.95 where the Legislature has plainly omitted it.  When the Legislature wishes a statute to encompass both a completed crime and an attempt, it knows how to say so.  (*Munoz, supra*, at p. 757; see, e.g., §§ 12022.53, subd. (a)(18), 12022, subd. (a)(1), 667.5, subd. (c)(12), 1192.7, subd. (c)(22), (39).)  We are not at liberty to add to the statute what the Legislature has omitted.  (*Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 545; *Munoz, supra*, at pp. 755-756.)

For similar reasons, we find unpersuasive defendant's citation to Senate Concurrent Resolution No. 48 (2017-2018 Reg. Sess.) resolution chapter 175, which includes a brief reference to punishment for "nonhomicide matters," to argue the Legislature intended to include attempted murder in drafting section 1170.95.  If, as defendant contends, the reference to "nonhomicide matters" is a reference to attempted murder, the fact the Legislature later omitted any such reference in section 1170.95 suggests the Legislature could have included attempted murder in the language, but simply chose not to do so.  (*Munoz, supra*, 39 Cal.App.5th at p. 755, review granted.)

Nor, contrary to defendant's claim, is such an interpretation absurd or contrary to the legislative intent.  "The legislative goal was to eliminate the sentencing disparity

caused by the felony murder rule. That goal was properly achieved by the section 1170.95 petition procedure to vacate those murder convictions." (*People v. Cervantes* (2020) 44 Cal.App.5th 884, 889; see *Flores, supra*, 44 Cal.App.5th at pp. 996-997.) Moreover, the basic punishment for attempted murder is already less than that imposed for first or second degree murder. (*Munoz, supra*, 39 Cal.App.5th at pp. 757-758, review granted.) "Providing relief solely to defendants convicted of *murder* under a felony-murder or natural and probable consequences theory does not conflict with the Legislature's stated objective to make 'statutory changes to more equitably sentence offenders . . . .' " (*People v. Turner* (2020) 45 Cal.App.5th 428, 439.)

Because the plain language of section 1170.95 is clear, and does not lead to an absurd result, we will follow its plain meaning and conclude that convictions for attempted murder are ineligible for section 1170.95 relief. In so doing, we are in accord with the uniform line of decisions by other Courts of Appeal that section 1170.95 applies to defendants convicted of murder, not to defendants who are convicted of attempted murder or another lesser offense. (*People v. Medrano, supra*, 42 Cal.App.5th at pp. 1008, 1018, review granted; *People v. Larios, supra*, 42 Cal.App.5th at p. 961, review granted; *Lopez, supra*, 38 Cal.App.5th at pp. 1104-1105, review granted; *Munoz, supra*, 39 Cal.App.5th at p. 754, review granted; *People v. Sanchez* (2020) 48 Cal.App.5th 914, 916 [charged with first degree murder with a gang enhancement, pleaded guilty to voluntary manslaughter and admitted enhancement]; *People v. Turner, supra*, 45 Cal.App.5th at pp. 431-432 [charged with first degree murder and firearm and gang enhancements, pleaded guilty to voluntary manslaughter and admitted enhancement]; *Flores, supra*, 44 Cal.App.5th at pp. 989-990 [charged with murder with robbery and gang enhancements, pleaded guilty to voluntary manslaughter and admitted enhancements]; *People v. Cervantes, supra*, 44 Cal.App.5th at p. 887 [charged with murder, pleaded no contest to voluntary manslaughter].)

5

Defendant was convicted of attempted murder. Section 1170.95 does not provide relief for persons convicted of attempted murder. Therefore, the trial court properly denied the petition and was not required to hold an evidentiary hearing because defendant was ineligible for resentencing as a matter of law.

II

*Equal Protection*

Defendant contends an interpretation of section 1170.95 that excludes attempted murder convictions violates equal protection principles. We disagree.

" 'The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' [Citations.] This initial inquiry is not whether persons are similarly situated for all purposes, but 'whether they are similarly situated for purposes of the law challenged.' " (*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253.)

Defendant was convicted of attempted murder, a different crime than murder, which carries a different punishment than murder and is not similarly situated to those convicted of murder. (*Lopez, supra*, 38 Cal.App.5th at pp. 1109-1110 ["an individual charged with, or convicted of, murder under the natural and probable consequences doctrine is not similarly situated to an individual confronting a charge of attempted murder . . . under the doctrine"]; *Munoz, supra*, 39 Cal.App.5th at pp. 760-761, review granted ["Attempted murder and murder are different offenses"].) Defendant's equal protection challenge thus fails at the first step.

6

## DISPOSITION

The order denying the petition for resentencing under section 1170.95 is affirmed.

                                           /s/
                                    RAYE, P. J.


We concur:


   /s/
HULL, J.


   /s/
HOCH, J.